UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

HEMAL DEVENDRABHAI PATEL,

Petitioner,

v.

ROBERT CERNA, et al.,

Respondents.

No. 1:26-CV-467-H

**ORDER**

Hemal Devendrabhai Patel entered the United States illegally fifteen years ago. At that time, Patel entered without inspection and was never admitted. Dkt. No. 8 at 7. Patel concedes that he "falls within the statutory definition of an 'applicant for admission' under § 1225(a)(1)." *Id.* Accordingly, he is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Before the Court is Patel's amended habeas petition, which demands his immediate release or a bond hearing based on the text of the INA and the Fifth Amendment. Dkt. No. 8.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the amended petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Patel's amended petition, and it has determined that:

- Binding Fifth Circuit precedent holds that aliens present in the United States who have not been admitted or who arrive in the United States are subject to mandatory detention under Section 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent. And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (internal quotation marks omitted).

- The en banc Fifth Circuit has foreclosed the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Vergara*, ___ F.4th ___, ___, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026) (en banc).

- In *Buenrostro-Mendez*, the Fifth Circuit stated that "*Zadvydas v. Davis* . . . has no direct application to aliens who are detained and being given due process during removal proceedings." 166 F.4th at 508. Indeed, the Supreme Court in *Zadvydas* was concerned with the unique due process issues posed by the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6). This is because the plain text of that statute "sets no limit on the length of time beyond the removal period that an alien who falls within one of the [statutory] categories may be detained." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (citation modified). The Supreme Court has expressly distinguished the applicability of *Zadvydas* from cases concerning "detention during deportation proceedings," which it has held are "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Patel's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the amended petition that Patel is not entitled to relief, the Court denies the amended petition. Dkt. No. 8.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on November 19, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE